THEODORE SCHOWENGERDT V. GUSTAV NYSTROM.

No. 14,214.    (81 Pac. 1133.)

Error from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge. Opinion filed July 7, 1905.
Affirmed.

*Samuel C. Miller,* for plaintiff in error.
*J. O. Fife, W. L. Wood,* and *William B. Trembley*
for defendant in error.

*Per Curiam:* This case is affirmed on the authority of

*McAlpine v. Reicheneker*, 27 Kan. 257. In that case the court laid down four rules for the determination of the boundary-lines between tracts of land which have once been apportioned or divided, the first two of which are as follow: First, if the monuments or marks on the ground for the corners of the several allotments can be found such marks and monuments must govern, and distances and bearings must be disregarded. Second, if the monuments or marks on the ground are lost or obliterated parol evidence may be introduced in connection with the record to show their location.

This was an action in ejectment brought by plaintiff in error against the defendant in error to recover possession of a part of lot 13, block 16, in an addition to Kansas City, Kan., called Riverview, the controversy being as to the division line between the east one-half and the west one-half of the lot. All of the lots in block 16 front to the south on Park avenue. Lot 14 is immediately west of lot 13, and the west line of lot 14 extends along the east side of Seventh street. The lots were laid out as of fifty-feet front along Park avenue, but Mr. Lasley, the county surveyor, who surveyed the property just before the beginning of the action, testified that the eight lots of block 16 fronting on Park avenue were only 396.75 feet, being 3.25 feet short of the measurement as platted. At the same time he testified that Mr. O'Flaherty, the engineer who laid out the addition, was a competent engineer and surveyor, but that O'Flaherty's chain was too long. If so, this would make the frontage of the eight lots really more than 400 feet. Lasley also testified that he made his measurement eastward from the now recognized street line of Seventh street. Several witnesses testified, and there was no dispute in the evidence (except as to the amount cut off) that in widening Seventh street the city "cut into" property on the west side of lot 14 from seven to eleven feet, so that the west line of lot 14 on Seventh street as laid out was that distance west of the line of Seventh street from which Lasley measured.

The amount of land in controversy between the plaintiff and defendant is between seven and eight feet. The plaintiff owns lot 14 and the west one-half of lot 13, and the defendant owns the east one-half of lot 13. If the plaintiff can begin at the now east line of Seventh street and take one-eighth of 396.75 feet for lot 14, and one-sixteenth for the west one-half of lot 13, the dividing line between him and the defendant would be practically as he claims. If he must begin at the line as originally laid out for the west line of block 14 and take one-eighth of the frontage of the block for lot 14, and one-sixteenth for the west one-half of lot 13, the dividing line would be substantially as claimed by the defendant. The court below took the latter view of the case and found in favor of the defendant, and its judgment is affirmed.